UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENALLE SHANNON,

    Plaintiff(s),

vs.                                                     Case No.  04-73173
                                                            Honorable Victoria A. Roberts

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

    Defendant(s).
_____

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR REMAND AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation recommending denying Plaintiff's Motion for Remand and granting Defendant's Motion for Summary Judgment.  For the following reasons, the Court **ADOPTS** the Report and Recommendation.  Plaintiff's Motion for Remand is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.

**II.    BACKGROUND**

The Plaintiff, Lenalle Shannon, seeks Disability Insurance Benefits under Title II of the Social Security Act.  The Plaintiff was born December 1, 1952, and graduated from high school in 1971.  She worked at Dow Chemical company for 15 years as a material handler, fork lift operator, and freight coordinator until May 2001.  The Plaintiff

1

claims to be disabled because she has diabetes, hypertension, obesity, allergic seasonal rhinitis, hyperlipidemia, depression, anxiety and a history of bilateral shoulder pain.

The Plaintiff filed a claim for disability benefits on February 21, 2002, alleging disability from May 11, 2001. Her initial application was denied and request for hearing was made. The hearing was held on March 1, 2004 and included testimony from a vocational expert.

### 1.     Administrative Law Judge Decision

The ALJ ruled against the Plaintiff. Specifically, the ALJ found that although the Plaintiff's combined impairments were severe, they did not meet or medically equal one of the listed impairments that would entitle her to benefits. Moreover, the ALJ found that based on testimony from the Plaintiff and the vocational expert, there are a significant number of jobs available in the national economy that she can perform in light of her restrictions. Accordingly, the ALJ denied benefits.

### 2.     Plaintiff's Motion for Remand

Following disposition by the ALJ, the Plaintiff filed a Motion For Remand seeking review pursuant to 42 USC § 405(g). The Plaintiff argued that the ALJ erred because of internal inconsistencies. The Plaintiff claimed the ALJ described the Plaintiff's obesity as severe in one portion of his decision and not severe in another portion. Further, the Plaintiff argued that the decision did not follow Social Security regulations because the ALJ failed to articulate how the Plaintiff's obesity affects her other impairments and why that did not rise to the level of a listing-level impairment sufficient to award benefits.

The Plaintiff also argued that the ALJ erred by not incorporating Plaintiff's depression and anxiety into the hypothetical presented to the vocational expert and in evaluating the Residual Functional Capacity ("RFC") despite his alleged finding that they were severe impairments. Ultimately, the Plaintiff alleged that she was entitled to a new hearing for proper analysis of the medical evidence.

### 3. Defendant's Motion for Summary Judgment

The Defendant responded with a Motion for Summary Judgment. The Defendant claimed that the findings of the ALJ were supported by substantial evidence. The Defendant contends that the ALJ reasonably considered the Plaintiff's obesity and mental impairments at all relevant steps of the determination. Additionally, the Plaintiff failed to set forth any listing she allegedly should have come under if her obesity and mental impairments would have been included in the manner sought by Plaintiff. Because the ALJ found by substantial evidence that the Plaintiff is not disabled and there are jobs available in light of her restrictions, the Defendant argued summary judgment is proper.

### 4. Plaintiff's Reply to Defendant's Motion for Summary Judgment

The Plaintiff reiterated her argument that the ALJ did not properly incorporate the Plaintiff's obesity and mental impairments into the RFC or hypothetical. The Plaintiff suggests that her impairments of obesity, hypertension, diabetes, depression and anxiety are severe, and that contrary to the SSA's assertions, the ALJ did not factor them in. The Plaintiff points to the language of the RFC for light work the ALJ ascribed to the Plaintiff and she notes a lack of any reference to restrictions based on these

alleged severe impairments.

### 5. Report and Recommendation

The Report and Recommendation (R&R) recommends denying Plaintiff's Motion for Remand and granting Defendant's Motion for Summary Judgment. The Magistrate found that the ALJ did take the Plaintiff's obesity and mental impairments into account when determining the RFC and in formulation of the hypothetical. Additionally, the ALJ did not find the mental impairments or the obesity standing alone to be severe, as he clearly stated. The Magistrate determined that Plaintiff: (1) misconstrued several portions of the ALJ's opinion, and (2) the ALJ did properly take into account the Plaintiff's obesity and mental impairments when making the RFC determination and in formulating the hypothetical. Because the decision was proper and supported by substantial evidence, the Magistrate recommends that the Plaintiff's motion be denied. Additionally, because the Plaintiff was properly found not to be disabled, the Magistrate recommends that the Court grant the Defendant's motion for summary judgment.

## III. PARTIES' ARGUMENTS

### 1. Plaintiff's Objections to the Report and Recommendation

The Plaintiff raises two objections to the Report and Recommendation. First, the Plaintiff claims the ALJ should have considered obesity on its own and found it to be a severe impairment. The Plaintiff claims that the ALJ quoted an incorrect body mass index (BMI) of 29 but it should have been 40.8. The Plaintiff claims the ALJ could not make a proper determination as to the severity of the Plaintiff's obesity because he was using the wrong BMI calculation. Therefore, the Plaintiff contends her case should be

remanded for proper determination of her obesity and its effects on her other impairments.

The Plaintiff's second objection is that the ALJ's should not have lumped the Plaintiff's mental impairments in with her other impairments. The Plaintiff claims it made the impairments meaningless, because the ALJ found them to be not severe and did not account for them in the RFC. The Plaintiff argues that even if the ALJ was correct in his determination that the Plaintiff's depression and anxiety were not severe, they still should have been taken into account in the RFC. The Plaintiff claims they were not because there is no mention of any restrictions based on the Plaintiff's mental impairments in the RFC for light work.

### 2. Defendant's Response to Plaintiff's Objections

The Defendant failed to file a response to Plaintiff's objections to the Report and Recommendation.

## IV. STANDARD OF REVIEW

### A. AGENCY DECISION

The ALJ's findings are conclusive as long as they are supported by substantial evidence. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). The court's review is limited to determining whether there is substantial evidence in the record to support the findings. *Id*. (citation omitted). Substantial evidence means more than a mere scintilla. *Id*. It means such relevant evidence as a reasonable mind might accept. *Id*. The court must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

5

supports the conclusion reached by the ALJ. *Id*. The court's role is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony. *Id*.

### B. SUMMARY JUDGMENT

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is material and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. Of Transportation*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995). To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c). *Cox*, 53 F.3d at 149. Alternatively, the movant may meet this burden by pointing out that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir.

1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).  The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact.  Rule 56(e); *Cox*, 53 F.3d at 150.  The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint.  *Copeland*, 57 F.3d at 479.  The mere existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party.  *Snyder*, 57 F.3d at 488; *Tolton*, 48 F.3d at 941.

**V.   APPLICABLE LAW AND ANALYSIS**

   **A.   PLAINTIFF'S MOTION FOR REMAND**

The substantial evidence on the record supports the ALJ's finding that the Plaintiff is not disabled.  The ALJ properly accounted for the Plaintiff's various impairments and determined that she has an RFC for light work.  The ALJ also identified several jobs available to the Plaintiff in light of her restrictions.  The findings of the ALJ were supported by substantial evidence.

There is a clear process for determination of disability for purposes of receiving Social Security benefits.  To be disabled the claimant must have the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 USC §

423(d)(1)(A).  The physical or mental impairment or impairments must be of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 USC § 423(d)(2)(A).  To determine whether the claimant's impairments are sufficiently severe, the Commissioner of Social Security must consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.  42 USC § 423(d)(2)(B).

      The disability determination follows a five-step process:

(1)    First, the plaintiff must demonstrate that she is not currently engaged in substantial gainful activity at the time she seeks disability benefits;

(2)    Second, the plaintiff must show that she suffers from a severe impairment in order to warrant a finding of disability.  A severe impairment is one which significantly limits physical or mental ability to do basic work activities;

(3)    Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least 12 months and the impairment meets a listed impairment or is medically equivalent, the plaintiff is presumed to be disabled regardless of age, education, or work experience;

(4)    Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled;

(5)    Fifth, even if the plaintiff's impairment does prevent her from doing her past

relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Hicks v. Commissioner of Social Security*, 105 Fed.Appx. 757, 760-761 (6th Cir. 2004)(*citing Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001)).

The Plaintiff was denied at step five by the ALJ. However, she claims error at steps two, three and five. The ALJ found that the combination of the Plaintiff's impairments "are collectively 'severe'... but are not sufficiently severe to meet or medically equal the criteria of any impairment, or combination of impairments, contained in the Medical Listings." (Tr. p. 16)

### 1.     Step Two - Severity of Plaintiff's Obesity

The Plaintiff claims the ALJ erred at step two of the determination process because he did not consider obesity standing alone. The Plaintiff argues that combining the impairments "significantly minimizes the effects of these impairments on the RFC." (Plaintiff's Objections p. 1). Further, the Plaintiff claims that her obesity should have been considered severe because her BMI is 40.8 rather than the BMI of 29 quoted by the ALJ.

The ALJ did not err in combining the Plaintiff's impairments to determine if she met the threshold for severity and did not err in determining that her obesity alone was not severe. The ALJ is supposed to combine the Plaintiff's impairments in his analysis:

> [i]n determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient

9

> severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process...

20 CFR § 404.1523. Clearly, the ALJ did not err by looking at Plaintiff's obesity in combination with her other impairments. Additionally, the ALJ concluded that the combination of impairments was severe enough to get her to step three. Therefore, there is nothing to gain by parsing through each impairment individually. Furthermore, as stated above, the combined impact of the impairments is to be used for the rest of the determination process. The ALJ did not err in considering the impairments as a whole (in combination) for purposes of determining the Plaintiff's RFC.

The ALJ's determination that the Plaintiff's obesity alone is not severe is supported by substantial evidence regardless of her BMI. As an initial matter, it does not appear from the record that the ALJ quoted the wrong BMI. He stated "the effects of carrying 75 additional pounds (**pounds above Body Mass Index Category 29**)... (Tr. p. 16)(emphasis added). From this the Plaintiff argues that the ALJ relied on a BMI of 29 in making his determination instead of the correct BMI of 40.8. But, what the ALJ appears to be saying is that the Plaintiff is 75 pounds over the threshold for obesity. As noted in SSR 02-1P, the policy interpretation ruling on the evaluation of obesity, there are three categories of obesity: Level I - BMI's 30-34.9, Level II - BMI's 35-39.9, and Level III - BMI's greater than or equal to 40. The ALJ was pointing out that she is 75 pounds more than a BMI of 29. Based on the height/weight statistics given for the Plaintiff, there is no way the ALJ could have mistaken her BMI for a 29.

Assuming that the ALJ did use the incorrect BMI calculation, is does not indicate

error. The Plaintiff argues that the ALJ erred by not following SSR 02-1P, the policy interpretation ruling for evaluation of obesity. However, the ruling itself states that obesity is a severe impairment when "it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-1P p. 5. It further states, "[t]here is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment...we will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe." *Id*.

Based on the evidence presented and his unfavorable assessment of the Plaintiff's credibility, the ALJ found the Plaintiff's obesity was not severe. "Her excess weight is not so great, and is not distributed in such a manner, as to significantly hinder the performance of basic work activities such as sitting, standing, walking, bending, reaching or manipulation." (Tr. p. 16). Regardless of whether the ALJ had the correct calculation of the Plaintiff's BMI, his determination that it was not severe on the basis of her functioning is supported by substantial evidence.

**2.    Step Three - Meeting or Medically Equaling a Listed Impairment**

The Plaintiff claims that because the ALJ did not properly assess the extent of her obesity, he could not have made a proper determination as to whether her impairments rose to the level of a listed impairment or were medically equal. As discussed above, there was likely no discrepancy regarding the Plaintiff's BMI. However, even if inaccurate, the BMI calculation is not determinative or necessary to the determination. To determine whether an impairment or combination of impairments are medically equivalent to a listed impairment, the Commissioner compares the symptoms, signs, and laboratory findings about the claimant's impairments with the

medical criteria shown with the listed impairment. 20 CFR § 404.1526(a). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Hicks*, 105 Fed.Appx. at 761 (*citing Sullivan v. Zebley*, 493 U.S. 521, 530 (1990))(emphasis original).

In his determination, the ALJ stated that upon considering all of the medical opinions in the record, and after his determination that the claimant's allegations regarding her limitations were not fully credible, he found that the "claimant's medically determinable impairments do not meet or medically equal one of the listed impairments..." (Tr. p. 18-19). Because the ALJ based his decision on acceptable criteria on the record, his determination is supported by substantial evidence.

   3.  **Step Five - Work in the National Economy Based on RFC**

The Plaintiff's final objection is that the RFC determination is inaccurate because the RFC for light work did not incorporate any restrictions based on the Plaintiff's mental impairments. The Plaintiff argues that her mental impairments should have been denoted as severe, and even if they were not severe, as the ALJ found, they should have been incorporated into her RFC. The Plaintiff also argues the same as she did for obesity; that the mental impairments should not be lumped together. As discussed above, the Plaintiff is wrong and the ALJ was proper in combining all of the Plaintiff's impairments and using that combined impairment for the remainder of the analysis. *See* 20 CFR § 404.1523, *supra*.

The ALJ did take the Plaintiff's mental impairments into account when determining her RFC:

> The claimant's documented mental impairments have been evaluated in accordance with 20 CFR § 404.1520a...She is independent in self care, performs chores at home, runs errands, reads the newspaper, drives her daughter to work, watches television, talks on the phone, maintains relationships with friends and family, and plays bingo.  She has only "mild" restrictions in her activities of daily living, in maintaining social functioning and in her ability to maintain concentration, persistence or pace...**Accordingly, the claimant's psychological symptoms do not significantly affect her ability to perform the mental demands of basic work activities**, and would not, if standing alone, constitute a severe impairment.  **This fact is reflected in the residual functional capacity [RFC] stated above.**

(Tr. p. 16)(emphasis added).

The ALJ listed the Plaintiff's RFC as the ability to perform light work, as defined in 20 CFR § 404.1567 that involves lifting or carrying no more than five pounds, only occasional (up to 66%) forward reaching, no overhead reaching, and no forceful or sustained gripping or grasping.  (Tr. p. 16).  There were no limitations introduced based on her mental impairments.  However, the ALJ also stated that the Plaintiff's "psychological impairments do not significantly affect her ability to perform the mental demands of basic work activities..."  (Tr. p. 16).  The ALJ refers to specific exhibits that demonstrate the Plaintiff's ability to carry on normal functioning in support of his conclusion.

The ALJ did not place any restrictions in her ability to do the mental tasks associated with her RFC because there are no significant impairments to justify restrictions.  Noticeably absent from the Plaintiff's objection is any mention of how her mental impairments affect her.  There is no discussion of any deficiencies Plaintiff is alleged to have that would inhibit her ability to perform the work as described under the

RFC for light work. There was substantial evidence in the record for the ALJ's conclusion that the Plaintiff's mental impairments are not significant enough to warrant restrictions on basic work activities.

### B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Viewing the evidence in the light most favorable to the Plaintiff, she failed to demonstrate the existence of a genuine issue of material fact. There is no basis to challenge the ALJ's ruling. The Defendant is entitled to judgment as a matter of law for the reasons discussed above.

### VI. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation, **DENIES** Plaintiff's Motion for Remand and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 12, 2005

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 12, 2005.
>
> s/Carol A. Pinegar
> Deputy Clerk